IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEONEL CANTU LOPEZ,

    Petitioner,                    No. CIV S-10-0381 KJM EFB P

    vs.

KATHLEEN DICKINSON,

    Respondent.                  FINDINGS AND RECOMMENDATIONS

_____/

      Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss on the grounds that the petition fails to allege facts sufficient to state a federal claim for relief, and alternatively, that petitioner's claims amount to perceived violations of state law for which there is no federal habeas corpus relief. For the reasons that follow, the court concludes that the motion to dismiss should be granted.

      In 1984, petitioner was convicted of second degree murder with the use of a firearm in Riverside Superior Court and sentenced to a total state prison term of seventeen years to life. Pet. at 2. Petitioner now challenges the August 5, 2008 decision of the California Board of Parole Hearings ("Board") to deny him parole for the seventh time. *Id.* at 5. Petitioner alleges that the 2008 decision was unsupported by "some evidence" that petitioner posed a current risk

of danger to the public because the decision was based on the unchanging factors of his commitment offense and overlooked petitioner's rehabilitative gains, thereby depriving him of due process. *Id.* §§ 7(a)-(b).

Respondent argues that petitioner fails to allege his claims with specificity to satisfy standing because "he makes a number of vague and conclusory statements, cites to various state court decisions, and concludes that he suffered a federal violation," without alleging "any specific facts in support of the claimed violations of his federal rights" or attaching "any supporting documents, not even a copy of the parole consideration hearing transcript." Resp.'s Mot. to Dism. ("Mot.") at 3. According to respondent, "[t]he only facts in support of [petitioner's] claims are that on August 5, 2008 he was denied parole." *Id.* Respondent also argues that, under *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc), "there is no separate federal due process right to a parole decision supported by some evidence," and that petitioner "is not entitled to federal habeas relief based on his allegations that the Board's decision was not supported by some evidence." Mot. at 5. Thus, respondent argues, the petition fails to state a claim cognizable in a federal petition for writ of habeas corpus because the issue is purely one of state law. *Id.*

California's parole scheme gives rise to a liberty interest in parole protected by the federal due process clause. *Swarthout v. Cooke*, 562 U.S. ___ (2011), No. 10-333, 2011 WL 197627, at *2 (Jan. 24, 2011). In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. *In re Lawrence*, 44 Cal.4th 1181, 1205-06, 1210 (2008); *In re Rosenkrantz*, 29 Cal.4th 616, 651-53 (2002). However, after briefing on the instant motion to dismiss concluded, the United States Supreme Court held that correct application of California's "some evidence" standard is not required by the federal Due Process Clause. *Swarthout*, 2011 WL 197627, at *2. Rather, the inquiry on federal habeas is whether the petitioner has received "fair procedures" for vindication of the liberty interest in parole given by the state. *Id.* In the context of a parole suitability hearing, a petitioner receives

1 adequate process when he/she is allowed an opportunity to be heard and given a statement of the
2 reasons why parole was denied.  *Id.* at \*\*2-3 (federal due process satisfied where petitioners
3 were "allowed to speak at their parole hearings and to contest the evidence against them, were
4 afforded access to their records in advance, and were notified as to the reasons why parole was
5 denied"); *see also  Greenholtz v. Inmates of Neb. Penal*, 442 U.S. 1, 16 (1979).

6      Here, petitioner does not allege that the procedures used in determining he was unsuitable
7 for parole were deficient because of the absence of either an opportunity to be heard or a
8 statement of reasons why parole was denied.  Rather, petitioner alleges that he was present at the
9 2008 hearing, and that parole was denied because of the circumstances of his commitment
10 offense.  Pet. § 7(a).  Because it appears that petitioner received all the process that was due at
11 his 2008 parole hearing, his application for writ of habeas corpus must be dismissed without
12 leave to amend.  *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (petition for habeas corpus
13 should not be dismissed without leave to amend unless it appears that no tenable claim for relief
14 can be pleaded were such leave granted).

15      Accordingly, it is hereby RECOMMENDED that:

16      1.  Respondent's May 6, 2010  motion to dismiss be granted because petitioner has failed
17 to state a cognizable claim; and

18      2.  The Clerk be directed to close this case.

19      These findings and recommendations are submitted to the United States District Judge
20 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
21 after being served with these findings and recommendations, any party may file written
22 objections with the court and serve a copy on all parties.  Such a document should be captioned
23 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
24 within the specified time may waive the right to appeal the District Court's order.  *Turner v.*
25 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
26 In his objections petitioner may address whether a certificate of appealability should issue in the

event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:   February 11, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE